## STATUS OF THOSE WHO SIGN BOTH WET AND DRY PETITIONS.

Common Pleas Court of Cuyahoga County.

IN RE PETITION TO PROHIBIT THE SALE OF INTOXICATING LIQUORS AS A BEVERAGE.

Decided, June 4, 1914.

*Intoxicating Liquors—Proceedings for Prohibiting the Sale in a Residence District—Order in which Petitions Will be Heard—Petitions Will be Counted on the First Petition Signed, Unless—Sections 6145 and 6149.*

One who signs a petition for or against the sale of intoxicating liquors in a residence district, is not at liberty to thereafter sign a petition on the opposite side and have his signature counted, unless he first proves in court that fraud or misrepresentation was used in obtaining his signature to the first petition.

*Chas. M. Earhart,* for the petition.
*Philip Sampliner* and *George Shaw,* contra.

ESTEP, J.

What is commonly known as a wet petition was filed with a judge of this court on the — day of March, 1914, and was docketed as case No. 138691. After the said wet petition was filed, a so-called dry petition was circulated in the same and more territory than was covered by the wet petition, and was filed with a judge of this court on the 11th day of April, 1914, and was docketed as case No. 139204.

In accordance with the provisions of Section 6145 of the code, the dry petition, being case No. 139204, was given precedence and was placed upon hearing first. It was stipulated by counsel that this petition should be granted unless the court fund—

1st.   That eighty-two of the electors who had signed the wet petition, and after the wet petition was filed signed the dry petition, should not be counted as qualified electors. ·

2d.   That the block, bounded on the north by West Madison avenue and Berea road, on the east by West 106th street, on the south by Western avenue, and on the west by West 110th street, is exempt territory under the law.

In reaching a decision in this matter, I have only deemed it necessary to take under consideration the first proposition propounded.

There seems to be no dispute as to the fact that a proceeding of this character is a judicial proceeding. I still entertain doubt in my own mind as to this proposition of law, but it appears to have been otherwise decided by the Supreme Court on November 25, 1913.

Section 6149 of the code provides that no elector will be allowed to add his name to a petition after it is filed, *or withdraw his own or authorized signature from a petition, unless he can prove to the mayor or judge that it was secured through fraud or misrepresentation.* ·

I find nothing obscure or ambiguous in this section, and in my opinion it clearly states that after a petition is filed, no elector can have his name withdrawn from the petition, unless he can prove to the mayor or judge that it was secured through fraud or misrepresentation. A petition having been filed, and its status as to its validity or invalidity in all respects having been fixed from the time of filing the same, a person having signed the same, if found to be a qualified elector, must be found by the mayor or judge to be in favor of or against the prohibition of the sale of liquor within the territory, as the case may be. If he is a qualified elector, he can only prevent his vote from being counted by having his name removed in accordance with the express provisions of Section 6149 of the code.

It is, however, contended by counsel representing the petitioners, that Section 6145 of the code was enacted for the purpose, among other things, of permitting persons who have signed

a petition to change their minds after the first petition has been filed and its status has been fixed.

I have carefully studied the briefs relating to this section, and I am unable to place any such construction upon it.

This section provides, that when there are pending two or more petitions, including territory common to all, that petition shall have precedence containing the territory having the greatest number of resident electors; and when two petitions are filed covering the same territory, that petition shall be granted which has the greatest number of electors' signatures attached.

This section, in so far as I have previously held and now understand it, was simply intended to give precedence, in a hearing of petitions, to the one covering common territory and more territory which contains the greatest number of resident electors. In other words, it is providing for the hearing in the first instance of that petition which covers the greater territory and contains the greatest number of electors. When the territory is the same in each petition, that one shall be granted which contains the greatest number of qualified electors' signatures. This section did not intend, in my opinion, to repeal by implication Section 6149; nor did it intend to permit electors to sign wet and dry petitions indiscriminately. If the eighty-two persons signing the wet petition could, after the said wet petition had been filed, remove their names therefrom simply by signing a dry petition covering the same territory or larger territory than that contained in the wet petition, then they would accomplish by their own acts the very thing that Section 6149 provides that they can not do. While precedence is given to the hearing of the petition covering the common territory and other territory containing the greatest number of resident electors, I can not bring myself to the conclusion that the Legislature intended to provide that electors could sign petitions for and against the prohibition of the sale of intoxicating liquor in common territory, and that their vote should be counted on the petition which should be given precedence at the hearing. In order to count these eighty-two signatures upon the dry petition now before the court, it would be necessary to reach such a conclusion.

While this method of expressing an opinion upon the question of prohibiting or permitting the sale of intoxicating liquors within a residence district is not an election in the proper sense, yet it is undertaking, by the method of petition, to ascertain the sentiment upon that subject of the qualified electors within the district.   If it were not for the provision of Section 6149 of the code, it might be possible for persons to be on both sides of this moral question at the same time; to have their signatures upon wet and dry petitions pending at the same time, and probably have them counted on both petitions.   Section 6149, however, provides that after a petition which has been signed is filed, and the signatures of qualified electors have been affixed thereto, then they can not have their names removed from that petition, unless removed by the mayor or the judge upon the showing made that the signatures had been procured by fraud or misrepresentation.

I am of the opinion that when a voter signs a wet petition, which petition has been filed, he is not at liberty to sign a dry petition covering common territory or additional territory, until his name is removed from the wet petition in the manner provided by Section 6149 of the code, or that said petition has been dismissed or otherwise disposed of according to law.

Having this opinion in regard to the eighty-two signatures in question, I deem it unnecessary to pass upon the second proposition which has been submitted for consideration, and I therefore dismiss the petition.